THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSH SPRAGUE, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO. 4:20-cv-2604 |
| vs. | § | |
| | § | |
| ED'S PRECISION MANUFACTURING, LLC, | § | |
| | § | |
| | § | |
| *Defendant* | | |

## COMPLAINT

Plaintiff Josh Sprague ("Sprague") files this Complaint against Ed's Precision Manufacturing, LLC ("EPM") and would show as follows:

## THE PARTIES

1. Plaintiff Josh Sprague is an individual residing in Harris County, Texas.

2. Defendant Ed's Precision Manufacturing, LLC is a domestic for-profit corporation with its principal place of business in Houston, Harris County, TX, Texas and it may be served with citation by serving its registered agent, Edwin A. DeCora, at 6061 Thomas Rd., Houston, TX 77041 USA.

## JURISDICTION AND VENUE

3. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction. For several years, Defendant has done and continues to do business in the State of Texas, as well as within this District.

4. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the Family and Medical Leave Act ("FMLA").

5. The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendant in this District. 28 U.S.C. § 1391(b).

## BACKGROUND

6. Sprague was employed by EPM for approximately nine (9) years.

7. Due to the novel Coronavirus and given that Sprague has young, school-age children, Sprague requested time off for the care of one of them. EPM rejected this request and expressed a negative attitude about Sprague making such a request.

8. Frustrated, Sprague's wife emailed EPM explaining that her husband was entitled to leave to help care for their young children. EPM finally relented but was obviously frustrated by the request.

9. Sprague would receive time off each week to watch one of his kids for a short period of time.

10. Then, on June 1, 2020, EPM terminated Sprague, supposedly for leaving an hour early from work on May 29, 2020. But the evidence will show that this was pretext and the real reason for termination was Sprague's use of new laws intended to help families like Sprague's.

11. Until his termination, he never received a disciplinary writeup.

12. Until his termination, he never received a verbal warning.

13. This suit followed.

## CAUSES OF ACTION

### Cause 1: FMLA Interference

14. Each and every allegation contained above is realleged as if fully written herein.

15. The Emergency Family and Medical Leave Expansion Act expanded the FMLA to apply more broadly due to the novel Coronavirus global pandemic.

16. Qualifying employers are private employers with fewer than 500 employees, which Defendant is.

17. Qualified employees are employees who were employed by the employer for at least 30 calendar days, which Sprague was.

18. Sprague worked for Defendant for nearly a decade.

19. Sprague was an eligible employee for leave pursuant to EFMLEA.

20. Sprague was granted leave pursuant to EFMLEA to care for his child who unable to attend school due to covid-related closure.

21. Defendant then terminated Sprague for exercising his rights under the EFMLEA.

## Cause 2: FMLA Discrimination and Retaliation

22. Each and every allegation contained above is realleged as if fully written herein.

23. Defendant terminated Sprague because he availed himself of federally protected rights under the EFMLEA leave.

## ATTORNEY'S FEES

24. Each and every allegation contained above is realleged as if fully written herein.

25. Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to the FMLA.

## JURY DEMAND

26. Plaintiff makes a formal demand for a jury trial in this matter.

## PRAYER

Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a. Back pay wages;

b. Front pay wages;

c. Liquidated damages;

d. Compensatory damages;

e. Punitive damages;

f. Pre-judgment and post-judgment interest;

g. Court costs;

h. Reasonable attorneys' fees; and

i. All other relief to which Plaintiff show themselves to be entitled.

Respectfully submitted,

THE CRAIGHEAD LAW FIRM, PLLC

By: /s/ Clayton D. Craighead
Clayton D. Craighead
State Bar No. 24065092
S.D. Texas No. 958992
440 Louisiana, Suite 900
Houston, TX 77002
(832) 798-1184 – Telephone
(832) 553-7261 – Facsimile
clayton.craighead@thetxlawfirm.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF