UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSH SPRAGUE, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civ. A. No. 4:20-CV-2604 |
| ED'S PRECISION MANUFACTURING, LLC, | § § § § | |
| *Defendant*. | § | |

## JOINT PRETRIAL ORDER

**1.   APPEARANCE OF COUNSEL**

  Counsel for Plaintiff:    Clayton D. Craighead
                 State Bar No. 24065092
                 S.D. Tex. No. 958992
                 440 Louisiana, Suite 900
                 Houston, TX 77002
                 Ph.: 832.798.1184
                 Fax: 832.553.7261
                 clayton.craighead@thetxlawfirm.com

  Counsel for Defendant:    Robert E. Freehill
                 Texas State Bar No.: 24069023
                 S.D. Tex. No. 1839921
                 robert@Johnson-Attorneys.com
                 Attorney-In-Charge
                 Justin M. Kornegay
                 Texas State Bar No. 24077668
                 S.D. Tex. No. 1717328
                 justin@Johnson-Attorneys.com
                 Christopher L. Johnson
                 Texas State Bar No. 24069999
                 S.D. Tex. No. 1050247
                 chris@Johnson-Attorneys.com
                 Caroline Bossier
                 Texas State Bar No. 24110669
                 S.D. Tex. No. 3557678
                 caroline@Johnson-Attorneys.com
                 Johnson & Associates

Attorneys at Law, PLLC
303 East Main Street, Suite 100
League City, Texas 77573
Main:281-895-2410
Fax: 409-263-1020

**2.  STATEMENT OF THE CASE**

PLAINTIFF:

This is a retaliation/interference case under the Families First Coronavirus Relief Act (FFCRA). The schools of Plaintiff's school-aged children were closed due to the novel coronavirus. Plaintiff requested leave to care for his children while they attended virtual learning from home. Plaintiff and his wife shared responsibility to care for the children where Plaintiff and his wife alternated days of staying home. After taking FFCRA leave, Defendant terminated Plaintiff. Defendant maintains that it terminated Plaintiff due to Plaintiff's alleged early departure from work. Plaintiff maintains that Defendant terminated him to interfere with his taking FFCRA leave and in retaliation for having done so.

DEFENDANT:

This is a lawsuit based on alleged violations of the Family Medical Leave Act ("FMLA"), as amended by Emergency Family and Medical Leave Expansion Act ("EFMLEA"). *See* 29 U.S.C. § 2601, *et seq*. Plaintiff is a former employee of Ed's Precision Manufacturing, LLC. On or about April 3, 2020, Plaintiff requested paid leave under novel statutory frameworks resultant from the COVID-19 global pandemic. Plaintiff's sole reason for requesting leave was to care for his two youngest children, A.S. and E.S., because their schools allegedly closed due to COVID-19. Ed's Precision granted Plaintiff's request for leave. On or about May 27, 2020, Plaintiff expressly informed Ed's Precision that he had completed his requested paid leave and would be returning to his normal work schedule the week beginning June 1, 2020.

On Friday, May 29, 2020, Plaintiff's supervisor, Ramiro Schurr, told Plaintiff that he was required to work until 3:30 p.m. that day in order to complete parts which were in high demand, unless he came in and worked on Saturday, May 30, 2020. It is undisputed that Plaintiff clocked out at 2:35 p.m. on Friday, May 29, 2020, and left work without informing any of the supervisors. Plaintiff also did not work on Saturday, May 30, 2020. On Monday, June 1, 2020, Plaintiff was terminated for (1) insubordination, (2) leaving work without approval, and (3) violation of company policies.

Plaintiff filed the instant lawsuit on July 23, 2020, asserting two causes (1) "FMLA Interference" and (2) "FMLA Discrimination and Retaliation." Plaintiff alleges Defendant violated the FMLA by terminating him for exercising his rights under the FMLA and EFMLEA. Defendant denies these claims.

3. **JURISDICTION**

   In accordance with 28 U.S.C. § 1331 the court has original jurisdiction under the Family Medical Leave Act, as amended by Emergency Family and Medical Leave Expansion Act. There is no unresolved jurisdictional challenge.

4. **MOTIONS**

   Defendant's Amended Motion for Summary Judgment, Document No. 28, has a docket day of May 7, 2021.

   Plaintiff's Motion in Limine will be submitted prior to trial.

   Defendant's Motion in Limine will be submitted prior to docket call.

5. **CONTENTIONS OF THE PARTIES**

   PLAINTIFF:

   Plaintiff contends that he was terminated for taking leave to care for his children.

   Plaintiff contends that Defendant retaliated against him for taking covid-related leave.

   Plaintiff contends that Defendant did not similarly discipline others who did not take covid-related leave.

   Plaintiff contends that Defendant used a pretext to terminate him for leaving early when Defendant told Plaintiff he was free to leave.

   DEFENDANT:

   Defendant contends Plaintiff was not entitled to FMLA/EFMLEA leave because Plaintiff did not provide the statutorily required information or documentation for leave, other suitable people were available to care for his children, all his children's schools were not closed, and Plaintiff took paid leave after the last graded assignments were turned in for the 2019-2020 school year. Defendant also contends it did not interfere with Plaintiff's FMLA/EFMLEA leave because Defendant granted Plaintiff the EFMLEA leave he requested, Plaintiff received all the leave he requested, and Plaintiff voluntarily ended his requested leave. Plaintiff was terminated after he completed the requested leave for terminable offenses that occurred outside his leave period. Furthermore, Defendant contends Plaintiff was terminated for legitimate, non-discriminatory, non-retaliatory reasons because Plaintiff was terminated for insubordination and violation of company policies.

6. **ADMISSION OF FACTS:** List all facts that require no proof.

3

- Plaintiff is a former employee of Ed's Precision Manufacturing, LLC.
- Defendant granted Plaintiff paid leave during April 2020 and May 2020.
- Plaintiff did not work on Saturday, May 30, 2020.
- Defendant terminated Plaintiff on June 1, 2020.

7. **DISPUTED FACTS**

- Whether Plaintiff was terminated for (a) insubordination, leaving work without approval, and violation of company policies; or (b) taking paid leave.
- Whether Defendant similarly disciplined others for leaving early.
- Whether Plaintiff received/completed all the leave he requested.
- Whether Plaintiff's children's schools were actually closed as a result of the COVID-19 pandemic.
- Whether Plaintiff had other suitable people available to care for his children during April and May 2020.
- Whether Plaintiff underwent discriminatory treatment as a result of taking paid leave in April and May 2020.

8. **AGREED APPLICABLE PROPOSITIONS OF LAW**

Plaintiff's claims are governed by the Family Medical Leave Act, as amended by Emergency Family and Medical Leave Expansion Act.

9. **CONTESTED ISSUES OF LAW**

   A. Whether Plaintiff was entitled to or eligible for FMLA/EFMLEA leave?
   B. Whether Plaintiff met the statutory requirements to take any leave under the FMLA/EFMELA?
   C. Whether Defendant interfered with Plaintiff's FMLA/EFMLEA leave?
   D. Whether Defendant terminated Plaintiff for a legitimate, non-discriminatory reason?
   E. Whether Defendant terminated Plaintiff for a legitimate, non-retaliatory reason?

Defendant has attached its Memorandum of Law in support of its positions on the contested issues of law.

10. **EXHIBITS**

    Two copies of Plaintiff's exhibit list are attached hereto as Exhibit A.

    Two copies of Defendant's exhibit list are attached hereto as Exhibit B.

11. **WITNESSES**

PLAINTIFF:

Two copies of Plaintiff's witness list are attached hereto as Exhibit C.

DEFENDANT:

| | | | |
|---|---|---|---|
| Ed's Precision Manufacturing, LLC by and through its corporate representative(s). | c/o Johnson & Associates, PLLC<br>303 East Main Street, Suite 100<br>League City, Texas 77573<br>Tel.: 281-895-2410 | Defendant will testify regarding all aspects of the claims and defenses in this matter which will include, but not be limited to, Ed's Precision's policies and procedures concerning business operations, Plaintiff's employment with Ed's Precision, Plaintiff's FMLA/EFMLEA leave, his knowledge regarding the incident made the basis of this lawsuit, the nature and character of Plaintiff's work at Ed's Precision during April and May 2020, the supervision of Defendant's premises and workers during relevant times, and the assignments of workers during April and May 2020; policies and procedures concerning business operations and management/supervision of its employees, Ed's Precision's policies and procedures concerning employee misconduct and discipline; Plaintiff's requested leave, all matters related to the claims and defenses, Defendant's human resource policies, procedures, and actions, termination of employees and the variety of reasons supporting such decisions, | |

| | | | |
|---|---|---|---|
| | | Plaintiff's employment issues and previous infractions, Plaintiff's anticipated employment future with Defendant, and Defendant's decision to terminate Plaintiff and reasons for same. | |
| Ramiro Schuur | c/o Johnson & Associates, PLLC<br>303 East Main Street, Suite 100<br>League City, Texas 77573<br>Tel.: 281-895-2410 | Mr. Schuur will testify to Ed's Precision's policies and procedures concerning business operations, Plaintiff's employment with Ed's Precision, Plaintiff's FMLA/EFMLEA leave, his knowledge regarding the incident made the basis of this lawsuit, the nature and character of Plaintiff's work at Ed's Precision during April and May 2020, the supervision of Defendant's premises and workers during relevant times, and the assignments of workers during April and May 2020. | Will Call |
| Ken Schmidt | c/o Johnson & Associates, PLLC<br>303 East Main Street, Suite 100<br>League City, Texas 77573<br>Tel.: 281-895-2410 | Mr. Schmidt will testify to Ed's Precision's policies and procedures concerning business operations and management/supervision of its employees, Ed's Precision's policies and procedures concerning employee misconduct and discipline, Plaintiff's employment with Ed's Precision, Plaintiff's FMLA/EFMLEA leave, his knowledge regarding the incident made the basis of this lawsuit, all issues related to the claims and defenses, Plaintiff's work history and attendance, Plaintiff's employment issues as an | Will Call |

6

| | | | |
|---|---|---|---|
| | | employee of Ed's Precision, and the decision to terminate Plaintiff and reasons for same. | |
| Nancy Khuong | c/o Johnson & Associates, PLLC<br>303 East Main Street, Suite 100<br>League City, Texas 77573<br>Tel.: 281-895-2410 | Ms. Khuong will testify regarding Ed's Precision's policies and procedures concerning management, termination, hiring, and discipline of its employees, Ed's Precision's policies and procedures concerning employee misconduct and discipline, Plaintiff's employment with Ed's Precision, Plaintiff's requested leave, all matters related to the claims and defenses, Defendant's human resource policies, procedures, and actions, termination of employees and the variety of reasons supporting such decisions, Plaintiff's employment issues and previous infractions, Plaintiff's anticipated employment future with Defendant, and Defendant's decision to terminate Plaintiff and reasons for same. | Will Call |
| Pat McLaughlin | c/o Johnson & Associates, PLLC<br>303 East Main Street, Suite 100<br>League City, Texas 77573<br>Tel.: 281-895-2410 | Mr. McLaughlin will testify regarding Ed's Precision's policies and procedures concerning business operations and management of its employees, and Ed's Precision's policies and procedures concerning employee misconduct and discipline. Mr. McLaughlin will also testify regarding all aspects of the claims and defenses in this matter. | Will Call |

| | | | |
|---|---|---|---|
| Josh Sprague | c/o Clayton D. Craighead The Craighead Law Firm, PLLC 440 Louisiana, Suite 900 Houston, Texas 77002 Tel.: (832) 798-1184 | Mr. Sprague will testify regarding all aspects of the claims at issue, including, but not limited to the incident made the basis of this lawsuit, his employment with Ed's Precision, his requested leave and the bases therefor, his interactions with Defendant and its employees/representatives during 2020, and his family. | Will Call |
| Jennifer Sprague | 9826 Therrell Drive Houston, Texas 77064 Tel.: (832) 818-3137 | Mrs. Sprague will be asked to testify regarding all aspects of the claims and defenses at issue, her employment with Peterson & Peterson, leave she took during COVID-19, Plaintiff's requested leave and the reasons for same, and her family. | May Call |
| Jesus Ramirez | 2247 Brown Oak Dr. Conroe, TX 77302 Tel.: 281-979-0534 | Mr. Ramirez may be asked to testify regarding the incident made the basis of this lawsuit, his employment with Defendant, his interactions with Plaintiff, and the claims and defenses at issue. | May Call |
| Leighann Lubbock | 25282 Northwest Freeway, Suite 170 Cypress, Texas 77429 Tel.: (281) 890-7069 | Ms. Lubbock will be asked to testify about Plaintiff's paid leave, the payment for his leave, whether Plaintiff qualified for the requested leave, and all aspects of the claims and defenses. | May Call |
| Breanna Wagner | Growing Scholars Montessori School 8821 Bridge Park Drive Houston, Texas 77064 Tel.: (281) 807-3330 | Ms. Wagner may be asked to testify about Growing Scholars Montessori School's operations during COVID-19 and Plaintiff's child and her attendance record. | May Call |

| Yvonne Sue Brazenec; Ritu Upneja | Growing Scholars Montessori School 8821 Bridge Park Drive Houston, Texas 77064 Tel.: (281) 807-3330 | Ms. Brazenec and Ms. Upneja may be asked to testify about Growing Scholars Montessori School's operations during COVID-19 and all aspects of Plaintiff's child's attendance during 2020. | May Call |
|---|---|---|---|
| John E. "Trey" Peterson III | Peterson & Peterson, PC 8555 Westland W Blvd, Houston, Texas 77041 Tel.: (832) 237-1040 | Mr. Peterson will testify about Peterson & Peterson, PC's operations during COVID-19, Mrs. Sprague's employment with Peterson & Peterson, any leave Mrs. Sprague took during COVID-19, and any work from home policies or procedures, and Mrs. Sprague's work attendance during 2020. | May Call |
| Christine Melancon | Gleason Elementary 9203 Willowbridge Park Blvd Houston, Texas 77064 Tel.: (281) 517-6800 | Ms. Melancon may be asked to testify Gleason Elementary operations during COVID-19, distance learning, and Plaintiff's child. | May Call |
| Growing Scholars Montessori School custodian of records and corporate representative | 8821 Bridge Park Drive Houston, Texas 77064 Tel.: (281) 807-3330 | Growing Scholars Montessori School will testify regarding all aspects of Plaintiff's child's attendance of its facilities, the dates and times it was closed during the COVID-19 pandemic, and all aspects of the records produced in this case. | May Call |
| Peterson & Peterson, PC custodian of records and corporate representative | 8555 Westland W Blvd, Houston, Texas 77041 Tel.: (832) 237-1040 | Peterson & Peterson will testify regarding its operations during COVID-19, Mrs. Sprague's employment with Peterson & Peterson, any leave Mrs. Sprague took during COVID-19, and any work from home policies or procedures, and Mrs. | May Call |

| | | | |
|---|---|---|---|
| | | Sprague's work attendance during 2020 | |
| Gleason Elementary School custodian of records and corporate representative | 9203 Willowbridge Park Blvd<br>Houston, Texas 77064<br>Tel.: (281) 517-6800 | Gleason Elementary will testify regarding all aspects of Plaintiff's child's attendance of its facilities, the dates and times it was closed during the COVID-19 pandemic, and all aspects of the records produced in this case. | May Call |

Defendant designates Jennifer Sprague's deposition in its entirety. Defendant took Jennifer Sprague's deposition on April 22, 2021, and currently does not have a copy of Jennifer Sprague's deposition transcript. Defendant will supplement with specific page-line designations upon receiving Jennifer Sprague's deposition transcript.

Two copies of Defendant's witness lists are attached hereto as Exhibit D.

If any other witnesses will be called at the trial, their names, addresses and the subject matter of their testimony will be reported to opposing counsel as soon as they are known. This restriction will not apply to rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

**12. SETTLEMENT**

On July 27, 2020, Plaintiff demanded $26,000 to resolve all outstanding claims. Defendant maintains Plaintiff's settlement offer was unreasonable, and, as stated in Defendant's Objection to Mediation [Doc. No. 24]. Defendant is opposed to any settlement of this matter.

**13. TRIAL**

    A. Jury trial.

    B. The probable length of the trial is two to three days.

    C. The parties anticipate all witnesses will be available.

    D. The parties do not anticipate any logistical problems. However, out of an abundance of caution Defendant advises the Court that Defendant's Counsel Christopher L. Johnson is set to begin trial on May 19, 2021 in Cause No. 19-CV-1003; A*MED Management, Inc. v. Eutiva Thomas pending in the 56th District Court of Galveston County, Texas.

**14. ATTACHMENTS**

A. For a jury trial:

(1) Proposed questions for the voir dire examination.

Plaintiff's proposed voir dire questions are attached hereto as Exhibit E.

Defendant's proposed voir dire questions are attached hereto as Exhibit F.

(2) Proposed charge, including instructions, definitions, and special interrogatories, with authority. Attached as Exhibit G.

(3) A memorandum of law.

Defendant's memorandum of law is attached hereto as Exhibit H.

Date: _____

_____
LEE H. ROSENTHAL
CHIEF UNITED STATES DISTRICT JUDGE

Approved:

Date: April 23, 2021          /s/ Clayton D. Craighead
                              Attorney-in-Charge, Plaintiff

Date: April 23, 2021          /s/ Robert Freehill
                              Attorney-in-Charge, Defendant