THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSH SPRAGUE, | § § § | |
| *Plaintiff* | § § | CIVIL ACTION NO. 4:20-cv-2604 |
| vs. | § § § | |
| ED'S PRECISION MANUFACTURING, LLC, | § § § § | |
| *Defendant* | § | |

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff Josh Sprague ("Sprague") respectfully moves the Court to order, before voir dire, that (1) Defendant's attorney(s), and through them, any and all witnesses called for Defendant, refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion; and (2) Defendant's attorney(s) instruct its witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned hereon. Plaintiff asks the Court to order that, if Defendant's attorneys intend to offer evidence of the matters in this Motion, they must first obtain a favorable ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected in this civil action.

The following matters would not be admissible for any purpose in this cause:

1. **Supposed FFCRA notice requirements:** Any mention, discussion, reference, argument, testimony, statement, comment, or implication of requirements Defendant claims Plaintiff did not meet under the FFCRA. For example, Defendant maintains that Plaintiff was required to provide the duration of leave. But the duration—during a global pandemic—is impossible to provide. Hence, the Honorable J. Paul Oetken of the Southern District of New York

has already invalidated this requirement, ultimately holding that the "DOL jumped the rail" because the "Final Rule requires that employees submit to their employer, 'prior to taking [FFCRA] leave,' documentation indicating, *inter alia*, their reason for leave, the duration of the requested leave, and, when relevant, the authority for the isolation or quarantine order qualifying them for leave." *State of NY v. US Dept. of Labor*, Cause No. 20-CV-3020(JPO) (SDNY August 3, 2020) (attached hereto as Exhibit 1). Indeed, as the Court noted, the EFMLEA provides that "[i]n any case where the necessity for [leave] is foreseeable, an employee shall provide the employer with such notice of leave as is practicable." *Id*. Here, there is no dispute that Plaintiff's need for leave was foreseeable and real and subject to publicly available executive orders issued by Governor Greg Abbott and the Honorable Lina Hidalgo of Harris County. Consequently, not only are the technical requirements of the DOL's Final Rule unlawful, they are also irrelevant and prejudicial. *See* Fed. R. Evid. 401, 402, & 403

In any event, it is well settled in the Fifth Circuit that an employer who represents to an employee that he is eligible for leave and employee takes said leave, the employer cannot assert lack of eligibility later. *See Minard v. ITC Deltacom Communs., Inc.*, 447 F.3d 352, 359 (5th Cir. 2006); *see also Kosakow v. New Rochelle Radiology Assocs.*, 274 F.3d 706, 724-25 (2d Cir. 2001) (affirming the district court's decision to estop an employer from asserting an affirmative defense challenging an employee's FMLA eligibility when the employer's unintentional misleading behavior caused the employee to justifiably and detrimentally rely on the FMLA leave); *see also Woodford v. Community Action of Greene County, Inc.*, 268 F.3d 51, 57 (2d Cir. 2001) (authorizing equitable estoppel where an employer initially provided notice of eligibility for leave and later seeks to challenge it); *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000) (recognizing, in dicta, a district court's ability to equitably estop employers from asserting

an affirmative defense contesting an employee's entitlement to FMLA leave in situations where the employer's words or conduct has misled the employee into relying on the leave); *see also, Duty v. Norton-Alcoa Proppants*, 293 F.3d 481 (8th Cir. 2002)(affirming a district court's application of equitable estoppel in an FMLA case and collecting authorities); *see also* Fed. R. Evid. 401, 402, & 403

Here, there is no dispute that the requested FFCRA leave was approved. For example, in its Answer, Defendant admitted "that Plaintiff requested time off for reasons related to issues which arose out of the COVID-19 global pandemic" and "Plaintiff was provided the requested intermittent leave". (Dkt. No. 19, ¶¶ 7 & 9.) Plaintiff alleged that "Sprague was granted leave pursuant to EFMLA to care for his child who [sic] unable to attend school due to covid-related closure" (Dkt. No. 1, ¶ 20) and Defendant admitted that "Plaintiff was granted the leave he requested." (Dkt. No. 19, ¶ 20.) Consequently, there can be no real dispute that Defendant approved Plaintiff's FFCRA leave and Defendant never complained about any supposed documentary shortcomings. *See* Fed. R. Evid. 401, 402, & 403

GRANTED _____    DENIED _____

2. **References to other "suitable persons":** Any mention, discussion, reference, argument, testimony, statement, comment, or implications related to other individuals, aside from co-parents and co-guardians, being "suitable persons" capable of watching Plaintiff's children. Defendant intends on arguing that at-risk family members who suffer multiple comorbidities and are considered high-risk by the CDC should have stopped what they were doing and attended to Plaintiff's children. But the Final Rule defines "suitable person" with a non-exhaustive list of "co-parent, co-guardian, or the usual child care provider". When interpreting ambiguities, the Court should apply e*jusdem generis* and exclude things that are not of the same kind, class, or nature.

*See, e.g.*, *U.S. v. Koutsostamatis*, 956 F.3d 301, 308 (5th Cir. 2020) ("Where it applies, ejusdem generis 'limits general terms which follow specific ones to matters similar to those specified.'"). Here, at-risk grandparents, siblings of Plaintiff or his wife, and Plaintiff's 17-year old child are unlike co-parents and co-guardians and therefore not eligible to be considered "suitable persons" under the FFCRA.

          **GRANTED** _____        **DENIED** _____

    3.    **References to the end of graded assignments:** Any mention, discussion, reference, argument, testimony, statement, comment, or implications related to any of Plaintiff's children's assignments *grading* period ending. Defendant maintains that if a child's graded assignments ended that there was no more entitlement to FFCRA leave regardless of whether the child's school remained closed. This is a misunderstanding of the law and should be excluded. *See* Fed. R. Evid. 401, 402, & 403

          **GRANTED** _____        **DENIED** _____

    4.    **References to some schools being open:** Any mention, discussion, reference, argument, testimony, statement, comment, or implications related to the schools of any of Plaintiff's children remaining open *if at least one of Plaintiff's children's schools remained closed*. Apparently, Plaintiff's youngest child's school—unbeknownst to Plaintiff—remained open notwithstanding Governor Abbott's executive order closing all schools, presumably because the child of a first responder attended the same school. But whether a single child's school remained open if at least one other child's school remained closed—which the public schools undeniably remained closed—then whether another school remained open for one of Plaintiff's three children is irrelevant and prejudicial. *See* Fed. R. Evid. 401, 402, & 403

          **GRANTED** _____        **DENIED** _____

5. **References to Defendant or any of its employees and/or owners community participation:** Any mention, discussion, reference, argument, testimony, statement, comment, or implications related to Defendant or any of its employees and/or owners community participation is irrelevant and prejudicial. For example, Defendant's owner is substantially involved in the Houston Livestock Show and Rodeo. This is irrelevant to this case and unfairly prejudicial. *See* Fed. R. Evid. 401, 402, & 403

   **GRANTED** _____     **DENIED** _____

6. **References to Plaintiff signing his termination paperwork:** Any mention, discussion, reference, argument, testimony, statement, comment, or implications related to Sprague signing his termination paperwork. If permitted, Defendant may improperly use Sprague's signature to argue that Sprague agreed with his termination. *See* Fed. R. Evid. 401, 402, & 403

   **GRANTED** _____     **DENIED** _____

7. **Comparison to Other Cases and/or Verdicts:** All comparisons by Defendant's counsel between the relative merits of this case and other cases he has handled in the past. *See* Fed. R. Evid. 401, 402, & 403

   **GRANTED** _____     **DENIED** _____

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine in all respects. Plaintiff further prays that he be awarded all such other and further relief to which he is entitled.

Respectfully submitted,

THE CRAIGHEAD LAW FIRM, PLLC

By: /s/ Clayton D. Craighead
   Clayton D. Craighead

State Bar No. 24065092  
S.D. Texas No. 958992  
440 Louisiana, Suite 900  
Houston, TX 77002  
(832) 798-1184 – Telephone  
(832) 553-7261 – Facsimile  
clayton.craighead@thetxlawfirm.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June 2021, I electronically served the above document on counsel of record including the following recipient(s):

Robert E. Freehill
robert@Johnson-Attorneys.com

Chris Johnson
chris@johnson-attorneys.com

Caroline Bossier
caroline@johnson-attorneys.com

/s/ Clayton D. Craighead  
Clayton D. Craighead
