United States District Court
Southern District of Texas
**ENTERED**
September 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSH SPRAGUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-2604 |
| | § | |
| ED'S PRECISION MANUFACTURING, LLC, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Josh Sprague sued his former employer, Ed's Precision Manufacturing, LLC, asserting claims for interference and retaliation under the Family and Medical Leave Act. Sprague took intermittent leave under the Act for nearly two months after the COVID-19 pandemic began, to care for his children when their schools became virtual. Two days after he returned to work, Ed's Precision fired him. The court granted Ed's Precision's motion for summary judgment on Sprague's claim for interference under the Act and denied Ed's Precision's motion for summary judgment on Sprague's claim for retaliation. (Docket Entry No. 44). The case is set for trial. Ed's Precision moved to exclude damages evidence because Sprague did not provide a computation in his Rule 26 initial disclosures, and because he received unemployment benefits until he quickly got a higher paying job. Sprague responded. (Docket Entries Nos. 47, 50). The court heard argument on the motion. Based on the briefs, the arguments, the record and the applicable law, Ed's Precision's motion to exclude damages evidence is denied. The reasons are explained in detail below.

I.      **The Initial Disclosure Issue**

Sprague seeks damages for back pay, front pay, compensatory damages, attorney's fees, and liquidated damages. (Docket Entry No. 1 at 4). Rule 26(a)(1)(A)(iii) provides that a party must disclose "a computation of each category of damages claimed by the disclosing party." Rule 37(c)(1) provides that if a party fails to disclose information required by Rule 26(a), "the party is not allowed to use that information . . . at trial, unless the failure was substantially justified or is harmless." When determining whether a party's failure to disclose was substantially justified or is harmless under Rule 37(c)(1), the court considers the following factors: "(1) [the party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

Ed's Precision argues that Sprague "refused to provide documents to support [his] damage claims" and "provided no calculations or totals" in his initial disclosures. Ed's Precision argues that it will be "ambush[ed]" at trial if Sprague presents damages evidence. (Docket Entry No. 47 at 4, 6). Sprague's damages claims are based on the information that Ed's Precision had in its possession or that Sprague has provided. (Docket Entry No. 50 at 1–2). Sprague's damages claims are based on the payroll summary that Ed's Precision produced, the pay stubs that Sprague produced from his new employer, and documents Ed's Precision produced on Sprague's loss of health insurance benefits. (Docket Entry No. 50 at 1–2). Sprague's initial disclosures included the formula that Sprague used for his damages number. (Docket Entry No. 47-1 at 2). Ed's Precision knew what it paid Sprague and what benefits it provided. Ed's Precision objected to Sprague's interrogatory asking about his damages claim, explaining that the damages information was "equally available" to both parties. (Docket Entry No. 50-5 at 6).

This is not a case in which the plaintiff failed to disclose "alternative computations" of damages that were not otherwise available to the defendant. *See CQ,* 565 F.3d at 279. As long as Sprague stays within the categories and sources of lost salary and benefits identified or produced, there is no unfair surprise. *See Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 1345385, at *4 (W.D. Tex. Mar. 23, 2015) ("No real prejudice exists to the opposing party in allowing the disclosing party to introduce evidence that has been in the opposing party's possession for several months if not years."). "The purpose of Federal Rule of Civil Procedure 26 is to prevent an ambush, resulting in surprise or prejudice, of undisclosed, or untimely disclosed, evidence." *Id.* That purpose was served here.

The next question is whether to admit evidence of the unemployment benefits Sprague received. "The district court has discretion to decide whether unemployment compensation should be deducted from a back pay or front pay award." *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 382 (5th Cir. 1988). "'Back pay' commonly refers to the wages and other benefits that an employee would have earned if the unlawful event that affected the employee's job related compensation had not occurred." *Rutherford v. Harris County*, 197 F.3d 173, 191 (5th Cir.1999). Front pay is a prospective remedy for the court to consider, not the jury. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991). Front pay "estimates the damage plaintiff will continue to suffer after the date of final judgment as a result of the wrongdoing," *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 490–91 (5th Cir. 2007), *order clarified* (Sept. 27, 2007). Under the collateral source rule, "employers may not benefit from payments made to the plaintiff by third parties." *Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 209 (5th Cir. 1986). "Although employers do contribute to the social security and unemployment insurance fund, the rule still applies because they do so in support of an independent, legislatively-mandated social policy." *Id.*

"Most courts have refused to deduct such benefits as social security and unemployment compensation" from back pay. *Id.*  In contrast, when an employer contributes to a retirement fund, it may receive the benefit of its contributions through an offset in the damages computation. *Lubke v. City Of Arlington*, 455 F.3d 489, 499–500 (5th Cir. 2006).  Whether to allow evidence of offset from unemployment compensation is ultimately "within the discretion of the district court." *Matherne v. Wilson*, 851 F.2d 752, 762 (5th Cir. 1988)

Ed's Precision claims that Sprague "made more money being unemployed in June 2020 than if he had worked at Defendant's shop." (Docket Entry No. 47 at 8).  As a result, Ed's Precision urges, Sprague should not be allowed to present evidence supporting an award of back pay. (Docket Entry No. 47 at 8–9).  But Sprague received the unemployment benefits from a third party and Ed's Precision does not claim to have reimbursed the unemployment benefits.  *See Newcomb v. Corinth Sch. Dist.*, No. 1:12-CV-00204-SA-DAS, 2015 WL 1505839, at *13 (N.D. Miss. Mar. 31, 2015).  The unemployment benefits are not admissible under the collateral source rule and do not support exclusion of Sprague's evidence of damages.

Ed's Precision's argues that Sprague quickly got a new job that paid him more than he received at Ed's Precision.  This mitigation evidence is clearly admissible at trial to contest Sprague's damages claim.  But this argument does not support excluding Sprague's damages evidence now.

## III. Conclusion

Defendant Ed's Precision Manufacturing's motion to exclude evidence of plaintiff's damages, (Docket Entry No. 47), is denied.

SIGNED on September 30, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge