United States District Court
Southern District of Texas
**ENTERED**
November 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSH SPRAGUE, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civ. A. No. 4:20-CV-2604 |
| ED'S PRECISION MANUFACTURING, LLC, | § § § § | |
| Defendant. | § § | |

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

You have heard all of the evidence in this case. I will now instruct you on the law you are to apply in reaching your decisions and answering the questions submitted to you in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

I will first give you general instructions that apply in many cases, including this one. Then I will give you more specific instructions that apply to this case in particular. Finally, I will give you instructions about deliberating to a verdict.

## General Instructions

Consider these instructions as a whole and in context. Do not consider any instruction to be more important than others, and do not take any instruction out of context. Your duty as jurors is to follow the law that I give you in these instructions. You, the jurors, are the sole finders of fact. But in finding those facts, you must apply the law as I give it to you in these instructions, regardless of any opinion you may have as to what the law ought to be. If I have given you the impression during the trial that I favor either party, or that I have an opinion about the facts of this case, you must disregard that impression.

All parties are equals before the law and must be treated as equals before the law in a court of justice. Your duty is to make fair and impartial decisions based only on the evidence and law presented to you here. Our system does not permit jurors to be influenced by bias, prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as it is given to you, and reach a just verdict, regardless of the consequences.

The verdict form, which I will explain in detail later, tells you to answer specific questions about the factual disputes in the case. Base your answers on the facts as you find them. Do not first decide who you think should win and then answer questions accordingly.

The evidence for you to consider consists of the witnesses' testimony and the exhibits that I have admitted into evidence. You may also consider fair inferences you choose to draw from the facts you find to be proven. Lawyer statements and arguments are not evidence and are not instructions on the law. Although what the lawyers say is not evidence, you may consider their statements and arguments in light of the evidence and determine whether it supports the arguments.

Juror notes taken during a trial are not evidence. They are only aids to a juror's memory of the evidence. If you took notes and your memory of the evidence differs from your notes, rely on your memory and not the notes. If you did not take notes, rely on your own independent memory of the evidence and do not be unduly influenced by any other juror's notes.

Your fact findings and your answers to the questions you are asked must be based on a preponderance of the evidence. This means the greater weight and degree of credible evidence before you. To establish a fact by a preponderance of the evidence means to prove that fact is more likely true than not true. In determining whether a fact has been proven by a preponderance of the evidence, you may consider all of the evidence, regardless of which party brought it to you. Pay close attention to the instructions and questions on which party has the burden of proof.

Facts may be proven by direct evidence, such as testimony of an eyewitness. Facts may also be proven by indirect or circumstantial evidence, which is evidence

that proves a fact from which you can logically conclude that another fact exists. Consider both direct and circumstantial evidence in finding the facts and arriving at your answers from all the evidence.

Witness credibility or truthfulness is for you to decide. In determining credibility, you may consider a wide range of factors, including each witness's demeanor, the consistency or inconsistency of the witness's answers to questions, and the witness's feelings, prejudices, or biases. In determining the weight to give to a witness's testimony, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.
Even though a witness may be a party to the action and therefore interested in its outcome, or may have another personal interest in the outcome, the testimony of that witness may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

Do not decide this case by merely counting the number of witnesses who have testified about a fact. The testimony of a single witness can prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the evidence, you believe that witness.

The fact that a lawsuit is filed or a claim is made and damages are sought creates no inference that the party filing the lawsuit is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim or filing a lawsuit, by itself, does not tend to establish that claim and is not evidence.

## Specific Instructions

### Instructions on the Nature of the Case

Joshua Sprague alleges that his former employer, Ed's Precision Manufacturing, fired him because he took intermittent paid leave provided under federal law for parents to care for children whose schools were closed due to COVID-19. Ed's Precision Manufacturing denies his claim and contends that Mr. Sprague's employment was terminated because he did not work his scheduled shift, violated company policies, and was insubordinate.

### Instructions on Jury Question No. 1

You are asked in Jury Question No. 1 whether you find that Mr. Sprague has proved by a preponderance of the evidence that his taking intermittent paid leave was a motivating factor in Ed's Precision's decision to fire him.

You are instructed that it is unlawful for an employer to retaliate against an employee for taking leave provided under federal law. Mr. Sprague does not have to prove that his taking federally provided intermittent paid leave was the only reason Ed's Precision fired him. But Mr. Sprague must prove that he would not have been fired in the absence of his having taken intermittent paid leave. If you disbelieve the reason Ed's Precision has given for its decision, you may, but are not required to, infer that Ed's Precision's decision to fire Mr. Sprague was motivated by Mr. Sprague having taken intermittent paid leave.

**Instructions on Jury Question No. 2**

If you find that Mr. Sprague has proved his claim against Ed's Precision Manufacturing by a preponderance of the evidence, you must determine the damages to which Mr. Sprague is entitled. You should not interpret the fact that I am giving instructions about Mr. Sprague's damages as an indication in any way that I believe that Mr. Sprague should, or should not, win this case. It is your task first to decide whether Ed's Precision Manufacturing is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Ed's Precision Manufacturing is liable and that Mr. Sprague is entitled to recover money from Ed's Precision Manufacturing.

You are asked in Jury Question No. 2 what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Mr. Sprague for his damages, if

any, that were proximately caused by Ed's Precision Manufacturing's retaliation, if any you have found. You are instructed that an act is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damages was a reasonably foreseeable consequence of the act. You should consider only lost wages and benefits. This includes the amounts Mr. Sprague has proven by a preponderance of the evidence he would have earned had he remained an employee of Ed's Precision Manufacturing. You must subtract the amount of earnings and benefits Ed's Precision Manufacturing has proven by a preponderance of the evidence Mr. Sprague has received from his new employer, High Tech Machine II, since he stopped working at Ed's Precision Manufacturing. Do not add any amount for interest.

Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require Mr. Sprague to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

### Final Instructions on Deliberations and Verdict

When you go to the jury room to begin deliberating, you should first select a foreperson to preside over your deliberations and speak for you here in the courtroom. Your verdict must represent the considered judgment of each juror. It is your duty to deliberate and to consult with one another in an effort to reach a

verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case. Remember that you are not partisans. You are the judges of the facts. Your sole interest is to seek the truth from the evidence in the case and the instructions on the law.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. A verdict form has been prepared for your convenience. The form has space for your answers to the specific jury questions. You will take the verdict form to the jury room. When you have reached an agreement as to your unanimous answer to each of the questions, your foreperson will fill the answers in on the verdict form, sign and date it, and return to the courtroom.

If you need to communicate with me during your deliberations, your foreperson should write the message or question in a written note, sign it, and pass the note to the court security officer who will be outside the jury room. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED on November 2, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge